**NOT FOR PUBLICATION**

FILED



MAY 06 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUSHI ZHANG, | No. 13-72359 |
| Petitioner, | |
| v. | Agency No. A087-886-758 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2016[**]
Pasadena, California

Before:     TASHIMA, SILVERMAN, and GRABER, Circuit Judges.

Yushi Zhang, a native and citizen of the People's Republic of China, seeks

review of the Board of Immigration Appeals' ("BIA") decision affirming an

immigration judge's ("IJ") denial of Zhang's application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Al Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Because substantial evidence supports the BIA's and IJ's adverse credibility determinations, we deny the petition for review.

Our analysis is governed by the REAL ID Act. Under the REAL ID Act, "[i]nconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)). "Major inconsistencies on issues material to the alien's claim of persecution constitute substantial evidence supporting an adverse credibility determination," while "minor inconsistencies regarding non-material and trivial details . . . cannot form the exclusive basis for an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). "[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence . . . ." *Id.*

Zhang contends that the Chinese government persecuted him for practicing Christianity by arresting him at a home church meeting and detaining him at a police station. In affirming the IJ's adverse credibility finding, the BIA relied on an inconsistency between the written statement accompanying Zhang's asylum

application and his oral testimony as to whether Zhang was beaten by Chinese police at the police station.  Zhang's asylum application stated multiple times that the police beat him, but his oral testimony revealed that this did not occur.  When questioned about this inconsistency, Zhang stated that he believed the rough treatment that he received during his detention, which included being dragged and handcuffed to a radiator in an uncomfortable, half-squatting position for approximately half an hour, amounted to being beaten.  The IJ was not convinced by this explanation, noting that to be "beaten" plainly means to be physically struck.  Zhang was never struck by a police officer.

This inconsistency constitutes substantial evidence supporting the BIA's and IJ's adverse credibility determinations.[1]  Whether Zhang was beaten by police bears on the central events underlying Zhang's claim of persecution and is not trivial.  The record does not compel us to reach a contrary result.  *See* 8 U.S.C. § 1252(b)(4)(B).

Because the BIA's and IJ's adverse credibility findings are supported by substantial evidence, we cannot overturn the denial of Zhang's application for

---

[1]     The BIA also relied on two other lack-of-credibility findings by the IJ in denying Zhang's application.  We need not discuss those findings because we must uphold the adverse credibility finding based solely on the ground discussed above.  *See Rizk*, 629 F.3d at 1088.

asylum and withholding removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Further, the IJ permissibly denied Zhang's CAT application, which rested on the same evidence as his asylum application. *Id*. at 1157.

The IJ also found that a letter from Zhang's church in the United States was not particularly probative of his practice of Christianity in the U.S. because the letterhead looked unofficial and the author was not present to testify. Zhang contends that he should have been provided notice that corroboration of his religious practice was required, and an opportunity to provide such evidence. We have held that "[a]n applicant must be given notice of the corroboration required, and an opportunity to either provide that corroboration or explain why he cannot do so." *Ren v. Holder*, 648 F.3d 1079, 1091–92 (9th Cir. 2011). Such notice-and-opportunity protection, however, extends only to applicants who are "otherwise credible." *Lai v. Holder*, 773 F.3d 966, 976 (9th Cir. 2014). Because, as explained above, Zhang is not an "otherwise credible" applicant, he was not entitled to such protection.

**PETITION FOR REVIEW DENIED.**

4